---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| AMERICAN SILVER, LLC, and AMERICAN BIOTECH LABS, LLC, | Case No. 2:06-cv-0843 DAK |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| vs. | |
| EMANUEL COVENANT COMMUNITIES, et al., | Judge Dale Kimball |
| Defendants. | Magistrate Judge Brooke C. Wells |

On March 23, 2007, the court signed an Order to Show Cause directing Defendants Emanuel Covenant Communities and Russell Emanuel Scott to "show cause for their failure to answer the Complaint in this matter or otherwise show cause why default judgment should not be entered against [them] in this case."[1]  The court went on to state that "In the event Defendants fail to meet their burden to show cause . . . , default judgment shall be entered against them."[2]  Defendants were given ten (10) days from the date of the order to file a response.[3]

On April 12, 2007-approximately ten days after the deadline for Defendants' response had passed-Plaintiffs filed a motion for entry of default judgment against Defendants.[4]  In support of their motion Plaintiffs first argue that Defendants failed to file a response to the Order to Show Cause within the required time frame.  Next, Plaintiffs argue that Defendants have failed to answer the Complaint that was served upon them

---

[1] Order to Show Cause p. 2, docket no. 49.
[2] *Id.*
[3] The order was signed on March 23, 2007 and entered on the docket March 26, 2007.
[4] Mtn. for Default Judgment, docket no. 52.

October 3, 2006, and have failed to show cause as to why default judgment should not be entered against them for failing to answer the Complaint. And finally, Defendants have failed to comply with the court's orders, including an order enjoining Defendant Russell Emanuel Scott from acting as a legal representative for Defendant Emanuel Covenant Communities.[5]

Apparently Plaintiffs' motion for entry of default judgment awoke Defendants from their slumber, because on April 16, 2007, Defendants filed an opposition to Plaintiffs' motion.[6] After reviewing the entire record before the court, and the parties' respective memoranda, this court's review demonstrates that default should be entered against Defendants. Accordingly, for the reasons set forth below, this court recommends that Plaintiffs' motion for entry of default judgment against Defendants be GRANTED.

## BACKGROUND

On October 3, 2006, Plaintiffs filed a complaint against Defendants alleging, among other things, that Defendants have offered for sale in the past-and are continuing to do so-infringing goods bearing a mark that is similar to Plaintiffs' mark "SILVER BIOTICS." According to Plaintiffs, Defendants are using the term "SILVER-BIOTIC" which is allegedly confusingly similar to Plaintiffs' SILVER BIOTICS mark.[7] Defendants actions and products are therefore in violation of the Lanham Act, 15 U.S.C.

---

[5] *See* Order dated March 23, 2007.

[6] This document, which the court construes to be Defendants' Opposition memoranda is entitled, "Actual Express Notice Of Unconstitutional Prejudices By Plaintiff and This Court Against Captioned Ens Legis(s) RUSSELL EMANUEL SCOTT and/or EMANUEL COVENANT COMMUNITIES By and Through Sovereign Man As Protected By The Constitution And The Bill Of Rights With the Right Of Excluding 'Prima Facie' Evidence From 'Trial' Because Plaintiff and Court Prejudices Ens Legis(s) Constitutional Rights By And Through Sovereign Man Inasmuch That Federal Court Upholds Jurisdiction From, Title 15 United States Code Into Evidence Involving Said Ens Legis(s) Who Maintain A Domicile In An Area Covered By The Constitution Insomuch That Plaintiff and Court Is Engaging In Kidnapping, By Moving The Domicile Of Said Ens Legis(s) To An Area That Has No Rights, In Violation Of 18 U.S.C. § 1201 And Engaging In A 'Conspiracy Against Rights' In Violation Of 18 U.S.C. § 241." For ease of reference the court will refer to this document as Defendants' opposition.

[7] *See* Compl. p. 7.

§ 1114, and Utah law.

A little over three weeks later, Defendants filed a motion to quash 20 day Summons arguing that this court lacks jurisdiction and that there is no case or controversy as required by the Declaratory Judgments Act.[8]  This court rejected Defendants' arguments finding them to be without merit, lacking support in the record, and denied the motion to quash.[9]  Defendants appealed this decision to Judge Kimball who overruled any objections and adopted this court's order.[10]

On March 1, 2007, this court heard oral argument on Plaintiffs' motion to enjoin Russell Emanuel Scott from the unauthorized practice of law and motion to expedite discovery.[11]  The court granted both these motions ordering that discovery commence and enjoining Russell Emanuel Scott from representing Defendant Emanuel Covenant Communities.[12]

Shortly thereafter, Plaintiffs sought an Order to Show Cause which the court signed on March 23, 2007.  Plaintiffs filed the instant motion for entry of default after the time for a response from Defendants had passed.

## ANALYSIS

Federal Rule 55(a) provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."[13]  The rule goes on to provide directions for how a default judgment

---

[8] *See* Def.'s motion to quash, docket no. 5.
[9] *See* Order dated November 28, 2006.
[10] *See* Order dated January 31, 2007.
[11] *See* Pla.'s motions, docket nos. 15, 17.
[12] *See* docket nos. 36, 43, and 50.
[13] Fed. R. Civ. P. 55(a).

may be entered either by the Clerk or the court.[14]

Generally, the preferred disposition of a case is upon its merits and not by default judgment.[15]  But, "this judicial preference is counterbalanced by consideration of social goals, justice and expediency."[16]  Thus, within the court's discretion is the ability to enter default judgment.[17]

As mentioned earlier, Plaintiffs offer the following arguments in support of their motion for entry of default: (1) Defendants failure to timely answer the Order to Show Cause; (2) Defendants failure to answer the Complaint or provide cause for this failure; and (3) Defendants failure to comply with court orders.

## I. FAILURE TO FILE A TIMELY ANSWER, OR AN APPROPRIATE RESPONSE TO THE ORDER TO SHOW CAUSE

Defendants were given ten days to show cause why they have failed to answer the Complaint or show cause why default should not be entered against them in an order signed on March 23.  On April 16, approximately 21 days after the order to show cause was signed, Defendants filed a document that provides express notice of alleged unconstitutional prejudices committed by Plaintiff and the court.  Based on the record this document-even if construed to be a response to the order to show cause-is not timely.  Defendants were specifically warned that "In the event Defendants fail to meet their burden to show cause . . . , default judgment shall be entered against them."[18]  Thus, the court finds that untimeliness is a proper basis for granting Plaintiffs' motion.

Despite this untimeliness, the court finds it proper to further consider Defendants'

---

[14] *See id.* at 55(b).
[15] *See Meeker v. Rizley*, 324 F.2d 269, 271-72 (10th Cir. 1963).
[16] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).
[17] *See id.*
[18] Order to Show Cause p. 2.

memorandum because a default judgment is not preferred under the law.  Defendants'
memorandum primarily addresses Plaintiffs' motion for default rather than the court's
order to show cause.  But, in an abundance of caution, and in an attempt to give
Defendants the benefit of the doubt, the court considers it in both contexts.

In their memorandum Defendants argue that this court is "without <u>jurisdictional
authority</u> and <u>judicial power</u>"[19] and cannot accept a motion for entry of default.
Defendants expand this argument alleging that Plaintiffs have failed to establish a nexus
and therefore because courts are "creatures of statutes" with limited jurisdiction this court
lacks subject-matter jurisdiction over the complaint.  Defendants' arguments concerning
jurisdiction are unpersuasive.   This court and Judge Kimball have both rejected them
previously.  Defendants fail to offer anything new or of sufficient persuasive value for
this court to vacate its prior decision denying Defendants' motion to quash that relied on
these same arguments.

Next, Defendants offer grammatical arguments in support of their position.
According to Defendants, if one uses all-capital letters in a name then that is different
than using only lowercase letters or capitalizing the first letter.  "An all-capital letter-
written version of one's name is not one's true name, but strictly an <u>artificial construct</u>,
existing by force of law only."[20]  Additionally, names also change by using colons,
hyphens or other symbols within them.  Thus, a "legal fiction"[21] is created where
individuals are improperly brought into court by fictitious lawsuits.  Apparently,
RUSSELL EMANUEL SCOTT as captioned in this case, is not the same as "Russell-

---

[19] Op. p. 2 (emphasis in original).
[20] *Id.* p. 7 (emphasis in original).
[21] *Id.*

Emanuel :Scott, *Sui Juris*, *in properia persona*."[22]

      In similar fashion to Defendants jurisdictional arguments, the court also finds Defendants grammatical arguments unpersuasive.  They do not offer any excuse for Defendants failure to answer the Complaint and fail to meet Defendants burden in demonstrating cause as ordered by the court.  Such "name game"[23] arguments have been found to be patently meritless, frivolous, and rejected by other courts.[24]  In fact, given the large number of courts throughout the nation that have already rejected arguments like those made by Defendants,[25] it is somewhat puzzling to this court why Defendants would persist in offering such absurdities as support for their position.

      Finally, the remaining aspects of Defendants opposition contains references to among other things, Chapter 11 Reorganization, forty eight governors being debtors to the U.S. Government, California copyright law, and various definitions including what a bar or partition is that runs across a courtroom.[26]  "The court cannot determine the substance, if any, of the [remaining] legal argument[s]"[27] and therefore, does not address

---

[22] *Id.* p. 15.

[23] *U.S. v. Bradley*, 2001 WL 997428 *1 (6th Cir.) (rejecting "frivolous tax-protestor arguments" including the argument that "'Edgar Francis; Bradley' is a natural born man of the State of Ohio, while 'Edgar F. Bradley' is merely a corporate fiction").  Defendants make these same types of patently meritless contentions in their opposition memorandum.  *See also U.S. v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994).

[24] *See U.S. v. Gonzalez*, 2007 WL 805992 *3 (4th Cir.) (per curiam) (concluding the defendants arguements alleging that because the indictment spelled their names using all capital letters that the government failed to properly identify them as "real, live flesh and blood M[en]" were completely frivolous); *U.S. v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (citing numerous cases that have rejected "hackneyed tax protester" arguments);  (*U.S. v. Lindsay*, 184 F.3d 1138, 1144 (10th Cir. 1999) (concluding that the defendants refusal to review court correspondence on which his name appeared in all capital letters was an obstruction of justice and provided a basis for a harsher penalty); *Smith v. Kitchen*, 1997 WL 768297 *1 fn. 1 (10th Cir.) (concluding that a party was not prejudiced because of the court's practice of captioning all documents with a party's full name in all capital letters).

[25] *See Collins*, 920 F.2d at 629) (listing cases).

[26] *See* Op. 9-15.

[27] *In re King*, 2006 WL 581256 *1 (Bkrtcy. W.D. Tex.) (denying a motion for being incomprehensible and providing further insight into the term incomprehensible via a quote from a popular movie: "or, in the words of the competition judge to Adam Sandler's title character in the movie, 'Billy Madison,' after Billy Madison had responded to a question with an answer that sounded superficially reasonable but lacked any substance, 'Mr. Madison, what you've just said is on of the most insanely idiotic things I've ever heard. At

them.

Accordingly, the court finds that Defendants' memorandum does not "show cause for their failure to answer the Complaint in this matter or otherwise show cause why default judgment should not be entered against [them] in this case."[28]  Further, it provides no sufficient basis for this court to deny Plaintiffs' motion.  Therefore, the court recommends that Plaintiffs' motion be granted and default be entered against Defendants.

## II. FAILURE TO PLEAD AND COMPLY WITH THE COURT'S ORDERS

Pursuant to Rule 12(b)(6) Defendants were entitled to file a motion to quash the summons arguing that there was a lack of jurisdiction over the subject matter or jurisdiction over the person.[29]  Once the court rejected these arguments, however, Defendants were under a duty to answer the Complaint.[30]  And as noted previously, Defendants have not offered any justification for their failure to answer the Complaint.

Finally, Defendants have yet to provide discovery as ordered by this court.  And, based on a review of the record, Defendant Russell Emanuel Scott is continuing to represent Defendant Emanuel Covenant Communities in violation of court order.  In essence, Defendants' conduct thus far in this case has been obstructive and gone against the social goals that underlie the justice system.[31]  Thus, entry of default is warranted.

## RECOMMENDATION

Based on the foregoing, it is hereby recommended that Plaintiffs' motion be

---

no point in your rambling, incoherent response was there anything that could even be considered a rational thought.  Everyone in this room is now dumber for having listened to it.  I award you no points, and may God have mercy on your soul.'").  Unfortunately, much of Defendants' memorandum is likewise incomprehensible.

[28] Order to Show Cause p. 2, docket no. 49.

[29] *See* Fed. R. Civ. P. 12(b)(6).

[30] *See id.* 12(a)(1)(A) (providing that a defendant shall serve an answer within 20 days of being served with the summons and complaint).

[31] *See Gomes*, 420 F.2d at 1366.

GRANTED and DEFAULT be entered against Defendants.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within ten days after receiving this Report and Recommendation.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 30th day of April, 2007.

Brooke C. Wells
United States Magistrate Judge